United States Courts
Southern District of Texas
FILED

*August 12, 2022*

Nathan Ochsner, Clerk of Court

PROB 12C
(7/93)

# UNITED STATES DISTRICT COURT

FILED

for

## WESTERN DISTRICT OF TEXAS

### 4:22-mj-1889

MAR 1 4 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jose Roman                                   Case Number: DR:19-CR-01278(1)-AM

Name of Sentencing Judicial Officer: Honorable Alia Moses, United States District Judge

Date of Original Sentence: January 8, 2020

Original Offense: Conspiracy to Transport Illegal Aliens, in violation of 8 U.S.C. § 1324

Original Sentence: 24 months imprisonment followed by a 3 year term of supervised release

Type of Supervision: Supervised Release          Date Supervision Commenced: March 11, 2021

Assistant U.S. Attorney: James T. Ward          Defense Attorney: Minerva Torres (AFPD)

### PREVIOUS COURT ACTION

On April 7, 2021, a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender (PROB 12B) was filed. The Court concurred with the probation officer's recommendation to remit Residential Reentry Center placement.

### PETITIONING THE COURT

A true copy of the original, I certify,
Clerk U.S. District Court

By_____ Deputy

☒ The issuance of a warrant
☐ The issuance of a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. | **Special Condition: The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program shall include testing and examination to determine if the defendant has reverted to the use of drugs and alcohol. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment if financially able.** |

In March 2021, the defendant was referred to complete a substance abuse assessment with New Hope Counseling and treatment was recommended. The defendant ultimately failed to attend and participate in therapy as required. Accordingly, on September 9, 2021, the defendant was unsuccessfully discharged.

On October 14, 2021, the defendant was referred to complete a second substance abuse assessment with Houston 1st Community Care Connections to address positive drug test for

Jose Roman
DR:19-CR-01278(1)-AM
Petition for Warrant or Summons
Page 2

marijuana and to follow through with the Courts instructions to participate in treatment. The defendant has not made himself available to comply with treatment and the treatment provider explained it has been difficult to schedule appointments. The defendant was recommended to attend therapy; nevertheless, he would request to reschedule appointments and would not show up to the rescheduled times. The defendant purportedly missed because, "he was working"; however, he never provided proof of employment. The defendant has been verbally admonished on many occasions to make treatment a priority and to follow through with sessions as required. Consequently, on February 14, 2022, 1st Community Care Connections unsuccessfully discharged the defendant.

2.      **Special Condition: The defendant shall abstain from the use of alcohol and any and all intoxicants.**

3.      **Special Condition: The defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay the costs of testing if financially able.**

4.      **Mandatory Condition No. 2: The defendant shall not unlawfully possess a controlled substance.**

5.      **Mandatory Condition No. 3: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.**

On September 23, 2021, the defendant submitted to a drug test which subsequently tested positive for marijuana. The defendant denied smoking marijuana and indicated his sister smokes marijuana. The defendant purported since they reside together, with their mother, his daily contact is why he tested positive.

On December 6, 2021, the defendant was required to submit a urine analysis with 1st Community Care Connections. The defendant failed to report and submit to testing as directed.

6.      **Standard Condition No. 7: The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless excused from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.**

On October 25, 2021, during a home visit, the defendant indicated he quit his job on or about October 19, 2021, due to conflict issues with his manager. The defendant failed to notify the probation officer he quit his job within 72 hours. Additionally, the defendant has failed to work at a lawful occupation for the months of November 2021, December 2021, January 2022, and February 2022. The defendant communicates he works miscellaneous jobs installing garage

Jose Roman
DR:19-CR-01278(1)-AM
Petition for Warrant or Summons
Page 3

motors and is paid cash. The defendant has been advised to seek full time lawful employment and provide verification; however, he has failed to provide verification as instructed.

7.    **Standard Condition No. 5: The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.**

On January 12, 2022, the defendant advised he would be moving on January 13, 2022, to 8310 Beechnut St., Houston, Texas. On January 19, 2022, the probation officer attempted to complete a home inspection; however, when the defendant was contacted via phone, he divulged his date to move had changed to February 1, 2022. Additionally, he admitted moving to 8710 Fondren Rd., Houston, Texas. The defendant was verbally admonished for not notifying or communicating he had not moved.

8.    **Mandatory Condition No. 7: If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.**

The defendant was court-ordered to pay a fine of $1,000 at a rate no less than $40 per month, due by the third day of each month beginning no earlier than 60 days after release from imprisonment. The defendant willfully failed to pay his monthly fine payment for the months of: June 2021, July 2021, August 2021, October 2021, November 2021 and December 2021, January 2022, and February 2022. In September 2021, a payment of $25 was collected and his remaining balance is $975.

**U.S. Probation Officer Recommendation:** Mr. Roman is a Criminal History Category III offender, with prior arrests for Theft, Burglary of Habitation with Intent to Commit Theft, Criminal Trespass, Organized Crime and Criminal Street Gangs, Assault-FV, Assault, and the Instant Offense.

The offender commenced his term of supervised release in the Southern District of Texas – Houston Division. The offender disregarded multiple conditions of supervision and continued criminal activity by using drugs. Therefore, it is respectfully recommended a warrant be issued for the offender and his term of supervised release be revoked. This issue is deferred to the Court for ruling.

Jose Roman
DR:19-CR-01278(1)-AM
Petition for Warrant or Summons
Page 4

The term of supervision should be

☒    revoked.   (Maximum penalty: 2 years imprisonment; 3 years supervised release; and payment of any unsatisfied monetary sanction previously imposed)

□    extended for _____ years for a total term of _____ years

□    The conditions of supervision should be modified as follows:

Approved:                                               Respectfully Submitted,

_____                _____
David R. Mercier                                        Jorge De Los Santos
Supervising U.S. Probation Officer          Senior U.S. Probation Officer
                                                               Date: March 7, 2022
                                                               Telephone #: 830-308-6358

Approved:

_____
James T. Ward
Supervisory Assistant U.S. Attorney

cc:    Javier Ceniceros
       Assistant Deputy Chief U.S. Probation Officer

_____

THE COURT ORDERS:

□    No action.
☑    The issuance of a WARRANT. Bond is set in the amount of $ _____ cash/surety with supervision by the United States Probation Office to continue as a condition of release.
□    The issuance of a SUMMONS.
□    Other _____

_____
Honorable Alia Moses
United States District Judge

_____
3/14/22
Date